IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL MARTINDALE, | CV 24-93-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| NURSE KELLY, | |
| Defendant. | |

This matter has been stayed, due to the bankruptcy proceedings of the employer of the sole defendant, Wellpath, LLC. Wellpath's bankruptcy reorganization plan has been confirmed, and Wellpath is no longer a Debtor under the Bankruptcy Code. The stay is lifted, and this case is dismissed.

The automatic stay in the Bankruptcy Court that was applicable to Wellpath entities expired on May 9, 2025. *See Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Case No. 24-90533, ECF No. 2596] entered by the United States Bankruptcy Court for the Southern District of Texas on May 1, 2025, and the *General Form of Order Regarding Lift Stay Motions* [Case No. 24-

90533, ECF No. 2907] entered by the Bankruptcy Court on June 4, 2025.[1] Pursuant to Article IX.A of the Plan and Paragraph 3 of the Stay order, all claims and causes of action against debtors are discharged as a result of the plan becoming effective.

Under Article IX.F of the Plan, holders of claims and causes of action that are discharged or released are permanently enjoined from: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; … and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan; provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties. (*Confirmation Plan,* at 4.) Holders of claims or interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against the Non-Debtor Defendants, including employees of the Debtors or employees of the Post Restructuring Debtors. (Stay Order, ¶5; Plan, Article IX.F). The nurse defendant named in this matter is employed by Debtor Wellpath, and the Plan deals with claims against the Debtor and

---

[1] These orders were filed in other litigation in this district involving Missoula County Detention Facility and Wellpath employees. Defendants in this action were directed to file a status report with this Court discussing these documents but failed to do so. (Doc. 15.)

Debtor's employees.

Paragraph 43 of the Confirmation Order provides that "Reorganized Wellpath shall provide notice to all known personal injury …claimants of the extended 90-day period to opt out from the Third-Party Release in Article IXD and file a certificate of service with the Bankruptcy Court. The Court has independently reviewed the docket for the Bankruptcy Court for the Southern District of Texas, Houston Division. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue). It does not appear that Martindale timely opted out of the third-party releases contained in the Plan. Pursuant to the Plan, a claim against the Debtor and Debtor's employees is discharged unless the Plaintiff elected to opt-out of the third-party releases.

Martindale, as the holder of a general unsecured claim, must go through the Bankruptcy Court and the Plan, specifically the Liquidating Trust, to determine what amount of distribution, if any, he is entitled to.  The Bankruptcy Court has exclusive jurisdiction over the Plan and all matters related to it.  This matter is dismissed.

Accordingly, IT IS HEREBY ORDERED:

1.    The stay in this matter is lifted, and the case is DISMISSED. Martindale must pursue claims against Nurse Kelly pursuant to the terms outlined in the Chapter 11 Plan and Trust Distribution Procedures in the Bankruptcy Court.

3

2.   The Clerk of Court is directed to close this matter and enter judgment.

DATED this 27th day of August, 2025.

_____
Donald W. Molloy, District Judge
United States District Court